UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STANLEY GENE KONZ, ET AL.,

    Plaintiffs,

v.                                                  Case No.  8:06-cv-863-T-24 EAJ

LARRY F. WARREN, ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant Paige Dunne's Motion to Dismiss and Alternatively Motion For More Definite Statement. (Doc. No. 6). Plaintiffs oppose this motion. (Doc. No. 10).

**I.  Background**

Plaintiffs, proceeding pro se, allege the following in their complaint (Doc. No. 1): Plaintiff Stanley Ray Konz had a child, Dameon Ray Konz, with Tiffany Rena Allen in Georgia in 2000. (¶ 30). Ms. Allen was unable to care for Dameon, so she gave him to Stanley Ray Konz, and Dameon lived with Stanley Ray Konz in Alabama. (¶ 32, 34). In 2003, Ms. Allen legally released all of her custody and guardianship rights regarding Dameon to Stanley Ray Konz. (¶ 33).

At some point, Ms. Allen gave birth to another child (to which Stanley Ray Konz has no relation), and she requested financial help from the Georgia Department of Children and Family Services. (¶ 36, 37). The case worker advised Ms. Allen that she should request aid for both children (i.e., Dameon and the child that did not belong to Stanley Ray Konz). (¶ 37).

The Georgia Department of Children and Family Services did not investigate the legal custody of Dameon, and instead, it sent unverified information to law enforcement officers in Georgia.  (¶ 37, 38).  The officers went to Alabama and removed Dameon from his home with Stanley Ray Konz and brought Dameon to Georgia.  (¶ 41).

The Georgia Department of Children and Family Services filed false criminal charges against Stanley Ray Konz.  A warrant was issued for Stanley Ray Konz based on the allegation that he illegally took Dameon out of Georgia and brought him to Alabama while Dameon was assumed to be in the custody of the Georgia Department of Children and Family Services.  (¶ 44).  Officers went to Alabama and arrested Stanley Ray Konz and brought him to Georgia.  (¶ 48, 49).  After Stanley Ray Konz was bonded out of jail, he was denied legal representation.  (¶ 50).

Plaintiffs allege that the Georgia Department of Children and Family Services failed to perform a home study placement on Stanley Ray Konz and Plaintiff Stanley Gene Konz (Dameon's great-grandfather who lived in Sarasota, Florida) so that Dameon could be placed with family.  (¶ 51, 52).  Dameon was placed with Defendant Page Dunne, with Ms. Dunne becoming Dameon's foster care mother.  (¶ 55).

In 2006, Dameon was killed while riding in a car with Ms. Dunne in Georgia.  (¶ 55).  Plaintiffs contend that Ms. Dunne was negligent in the operation of the car and did not properly use a child safety seat.  As such, Plaintiffs contend that Ms. Dunne is responsible for Dameon's death.  (¶ 55).

Plaintiffs filed a fifteen count complaint in which they allege various claims against various defendants.  The claims include § 1983, § 1984, § 1985, § 1986, conspiracy, negligence,

kidnaping, and second degree vehicular homicide. Plaintiffs appear to argue that they are asserting all of the claims against all of the defendants, but the only allegations in the complaint that specifically relate to Ms. Dunne are the allegations regarding the car accident that killed Dameon. (Doc. No. 1, ¶ 55, 56, and Count 14: second degree vehicular homicide). In response to the complaint, Ms. Dunne has moved to dismiss the claims asserted against her.

## II. Motion to Dismiss

Ms. Dunne moves to dismiss the claims asserted against her, and she asserts several arguments to support her position. Because the Court agrees with Ms. Dunne that this Court lacks personal jurisdiction over her, the Court will only address that argument.

Ms. Dunne argues that this Court lacks personal jurisdiction over her, because there is a lack of minimum contacts between her and the State of Florida. The Court applies the following standard of review and analysis when determining if personal jurisdiction over a non-resident defendant exists:

> When a district court does not conduct a discretionary evidentiary hearing on a motion to dismiss for lack of jurisdiction, the plaintiff must establish a prima facie case of personal jurisdiction over a nonresident defendant. A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits.
>
> The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis. First, [the court] consider[s] the jurisdictional question under the state long-arm statute. If there is a basis for the assertion of personal jurisdiction under the state statute, [the court] next determine[s] whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant.

Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)(internal quotations and citations omitted).

Thus, the first step for this Court is to determine whether there is a basis for jurisdiction over Ms. Dunne under Florida's long-arm statute, Florida Statute § 48.193. Plaintiffs, however, have not alleged in the complaint or shown in their response to the motion that there is any basis for jurisdiction over Ms. Dunne under Florida's long-arm statute. Instead, Plaintiffs argue that Ms. Dunne is a part of a RICO conspiracy[1] with the other defendants and that she communicated with Stanley Gene Konz, a Florida resident. The Court finds that such conduct is not sufficient to show that there is a basis for jurisdiction over Ms. Dunne under Florida's long-arm statute, since all of the alleged conduct outlined in the complaint appears to have occurred in Georgia and Alabama.

Since the Court finds that there is no basis for jurisdiction over Ms. Dunne under Florida's long-arm statute, the Court does not need to analyze whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment. Instead, the Court finds that this Court lacks personal jurisdiction over the claims asserted against Ms. Dunne. As such, the Court grants Ms. Dunne's motion to dismiss for lack of jurisdiction.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Paige Dunne's Motion to Dismiss and Alternatively Motion For More Definite Statement (Doc. No. 6) is **GRANTED** to the extent that she seeks dismissal of the claims against her for lack of personal jurisdiction. As such, the claims against Paige Dunne are dismissed without prejudice, and the Clerk is

---

[1] It is unclear as to how Ms. Dunne is a part of a RICO conspiracy, because the only specific allegations against her relate to the car accident that killed Dameon. (Doc. No. 1, ¶ 55, 56, and Count 14: second degree vehicular homicide).

directed to terminate Paige Dunne as a defendant in this case.²

**DONE AND ORDERED** at Tampa, Florida, this 25th day of August, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Plaintiffs

---

²The Court notes that Ms. Dunne sought dismissal of Plaintiffs' claims with prejudice. However, a dismissal for lack of personal jurisdiction is without prejudice. <u>Madara</u>, 916 F.2d at 1514 n.1 (citation omitted).