UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STANLEY GENE KONZ, ET AL.,

      Plaintiffs,

v.                                        Case No.  8:06-cv-863-T-24 EAJ

LARRY F. WARREN, ET AL.,

      Defendants.
_____/

## ORDER

    This cause comes before the Court on Plaintiffs' Motion for Default by the Clerk (Doc. No. 15).  In this motion, Plaintiff seeks the entry of default against the following twelve defendants:

- Larry Warren
- Lacy Ameison
- Tiffany Rena Allen
- Hugh Stone
- David Barritt
- Amy Baker
- Don Hamil
- Wilma Bammer
- Dorthy Soles
- Jeff Lowe
- Lynn Alderman
- Paige Dunn

Accordingly, the Court will determine whether each of these defendants have been properly served.

    With regards to Judge Larry Warren, the Return of Service (Doc. No. 18) is confusing, since the process server checks the box for personal service on Judge Warren, but the server also states: "Jennifer Clevenage Refused Judge Warrens [sic] papers Gave to Judge Warren Delivered to Judge, At office."  Thus, it is unclear as to whether Judge Warren was in fact personally served.  As such, Plaintiffs should have the process server submit a more clear and specific

affidavit regarding service of this defendant. As such, the Court finds that entering default against this defendant is not appropriate at this time.

With regards to Lacy Ameison, there is no proof of service attached at Doc. No. 17 or 18 for a person named Lacy Ameison. As such, default cannot be entered against this defendant.

With regards to Tiffany Rena Allen, the Return of Service (Doc. No. 18) indicates that Ms. Allen did not live at the address where the summons was left. As such, default cannot be entered against this defendant.

With regards to Hugh Stone, the Return of Service (Doc. No. 18) indicates that Mr. Stone was not personally served and no one would accept service on his behalf. As such, default cannot be entered against this defendant.

With regards to David Barritt, the Return of Service (Doc. No. 17) indicates that the summons was left with his secretary at his office. Plaintiffs, however, have not submitted any authority showing that this was proper service, since Mr. Barritt was not personally served nor was a copy of the summons left at Mr. Barritt's home with a person of suitable age. As such, default cannot be entered against this defendant.

With regards to Amy Baker, Don Hamil, and Wilma Bammer (all of whom are case workers at the Georgia Department of Children and Family Services), the Returns of Service for these defendants (Doc. No. 17, 18) indicate that the summons for these defendant was left with the receptionist at the Georgia Department of Children and Family Services. Plaintiffs, however, have not submitted any authority showing that this was proper service, since these defendants were not personally served nor were copies of the summonses left at their homes with a person of suitable age. As such, default cannot be entered against these defendants.

With regards to Dorthy Soles, there is no defendant in this case named Dorthy Soles, nor

is there a Return of Service for Dorthy Soles. Instead, there is a Return of Service for Dorthy Gore (Doc. No. 17) and one for Sergeant W.T. Soles (Doc. No. 18).

However, with regards to Dorthy Gore (a case worker at the Georgia Department of Children and Family Services), the Return of Service indicates that the summons was left with the receptionist at the Georgia Department of Children and Family Services. Plaintiffs, however, have not submitted any authority showing that this was proper service, since Ms. Gore was not personally served nor was a copy of the summons left at her home with a person of suitable age. As such, default cannot be entered against Ms. Gore.

Furthermore, with regards to Sergeant Soles, he has filed a response to the complaint. (Doc. No. 5). As such, default cannot be entered against Sgt. Soles.

Likewise, with regards to Jeff Lowe and Lynn Alderman, they have filed a response to the complaint. (Doc. No. 5). As such, default cannot be entered against these defendants.

With regards to Paige Dunn, she has appeared in this case. She filed a motion to dismiss, which this Court granted. (Doc. No. 13). As such, default cannot be entered against this defendant.

Accordingly, based on the above, it is ORDERED AND ADJUDGED that Plaintiffs' Motion for Default by the Clerk (Doc. No. 15) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 31st day of August, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Plaintiffs